UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM FREDERICK KEMP, JR.,

       Plaintiff,

                               CASE NO. 2:15-cv-14274
v.                               HONORABLE VICTORIA A. ROBERTS

MICHIGAN SECRETARY OF STATE, *et al.,*

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR WAIVER OF FEES AND COSTS (ECF #2),
## DENYING PLAINTIFF'S MOTION TO SUPPRESS
## USE OF PROPERTY AS EVIDENCE (ECF #4),
## AND SUMMARILY DISMISSING THE COMPLAINT (ECF #1)

### I. Introduction

William-Frederick Kemp, Jr., a state prisoner at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* complaint under 42 U.S.C. § 1983 and a motion to waive fees and costs.  The complaint (ECF #1) and Plaintiff's motion to suppress use of property as evidence (ECF #4) appear to allege that state and county officials violated his constitutional rights and treated him as a slave or as "goods" under the Uniform Commercial Code during a criminal prosecution against him.  Plaintiff claims to be unlawfully held in prison and deprived of his property.  He seeks declaratory, injunctive, and monetary relief.  For the reasons that follow, the Court denies the pending motions and summarily dismisses the complaint.

## II. Discussion

Plaintiff wants the Court to waive the fees and costs for this action. A federal litigant who is too poor to pay court fees ordinarily "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (citing 28 U.S.C. § 1915).

> But a special "three strikes" provision prevents a court from affording *in forma pauperis* status where the litigant is a prisoner and he or she "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915(g)

*Id.*

An exception to this rule applies when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). "[T]o allege sufficiently imminent danger, . . . 'the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.' " *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Ritter v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)). "In addition to a temporal requirement, . . . the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists." *Id.*

More than three of Plaintiff's prior complaints were dismissed as frivolous or for failure to state a claim. *See Kemp v. Wayne* County, No. 2:08-cv-13945 (E.D. Mich. Mar. 23, 2009); *Kemp v. United States of America, et al.,* No. 2:08-cv-12392 (E.D. Mich.

Sept. 25, 2008); *Kemp v. United States of America, et al.*, No. 2:05-cv-72160 (E.D. Mich. Sept. 8, 2005); and *Kemp v. Thomas, et al.*, No. 2:02-cv-00073 (W.D. Mich. May 17, 2002). In still another case, a judge in the Western District of Michigan informed Plaintiff that he could not proceed *in forma pauperis* because he has three "strikes" under 28 U.S.C. § 1915(g). *See Kemp v. State of Michigan, et al.*, No. 1:15-cv-01184 (W.D. Mich. Dec. 2, 2015).

As a result of Plaintiff's prior "strikes," he may not proceed without prepayment of the fees and costs for this action unless he was in "imminent danger of serious physical injury" when he filed his complaint. 28 U.S.C. § 1915(g). He has not demonstrated that he is in imminent danger of serious physical injury or that he was facing a real and proximate threat of serious physical injury when he filed his complaint. Thus, Plaintiff may not proceed without prepayment of the filing fee.

### III. Conclusion

More than three of Plaintiff's cases were dismissed as frivolous or for failure to state a claim for which relief may be granted. Plaintiff does not fall within the exception to § 1915(g) for prisoners who are in imminent danger of serious physical injury. Therefore, the Court denies his motion to proceed without prepayment of fees and costs (ECF #2) and summarily dismisses his complaint (ECF #1) without prejudice pursuant to 28 U.S.C. § 1915(g). The Court denies as moot the motion to suppress use of property as evidence (ECF #4). The Court also certifies that an appeal from this order could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

S/Victoria A. Roberts
VICTORIA A. ROBERTS
Dated: 1/8/2016         UNITED STATES DISTRICT JUDGE